IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

          No. 22-CR-1231 MV

MYLIN BILL,

          Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

### Introduction

On January 19, 2024, Defendant Mylin Bill pled guilty to Counts 2 and 3 of a three-count indictment. Count 2 charged Using and Carrying a Firearm during and in relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime; Discharging Said Firearm, in violation of 18 U.S.C. § 924(c)(1)(A), and (c)(1)(A)(iii). Count 3 charged Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). On that date the parties entered into a plea agreement pursuant to Rule 11(c)(1)(C). In the plea agreement, the parties stipulate that a prison sentence of no more than 171 months is the appropriate disposition of this case. The Government further agrees to a two-level downward variance from the total offense level as calculated under the United States Sentencing Guidelines. See Plea Agreement, Doc. 71, at ¶ 12. A Presentence Investigation Report (PSR) was disclosed on March 13, 2024. Mr. Bill has remained in continuous custody of the Government on this case since April 18, 2023.

### The Guideline Calculation

Defendant and counsel have carefully reviewed the PSR prepared in this matter. Defendant and counsel believe that the report accurately reflects Defendant's criminal history.

With three criminal history points, his criminal history is correctly calculated as category II. PSR, ¶ 49.  Further, Defendant agrees that his offense level, after applicable adjustments for possession of the firearm in connection with another felony offense, and for acceptance of responsibility, is correctly calculated as level 21.  PSR, ¶ 41.  Pursuant to the plea agreement, the Government agrees to recommend a downward variance of two levels from the total offense level calculated under the Sentencing Guidelines.  Doc. 71, at 7, ¶ 12(b).  This variance reduces his offense level to level 19.  PSR, ¶ 94.  An offense level of 19 combined with a criminal history category of II establishes a Guideline imprisonment range of 33 to 41 months. The term of imprisonment on Count 2, however, requires a mandatory sentence of 10 years, to be served consecutively to any other sentence, thus bringing his final Guideline sentencing range to 153 months to 161 months.

**Mylin Bill's Personal History and Characteristics**

In addition to the PSR, the record in this case contains two forensic evaluation reports, dated November 1, 2021 (Doc. 22), and July 13, 2022 (Doc. 29).  While he was eventually determined to be legally competent, the forensic evaluations provide important personal history on Mr. Bill.  Taken together, these three sources accurately depict a life touched by trauma and difficulties from a very young age.

Mr. Bill's father was verbally and mentally abusive and neglectful towards him and his sister when they stayed with him at his house in Phoenix, Arizona.  Doc. 22, at 4.  Financial difficulty in his mother's house growing up reportedly led to him having to steal food for himself and his sister.  *Id.*  At the age of 10, Mr. Bill began to experience significant mental health issues, including hearing voices that would "'call [his] name' and 'tell [him] to hurt people, to kill himself.'"  Doc. 22, at 7.  At the age of 11, his legal troubles began.  *Id.* at 5.  It is notable that

his primary caregiver, his mother, recounts that she did not know about his daily functioning after the age of 12 because "he primarily spent his childhood in the CYFD." *Id.* at 11. From his earliest childhood, Mylin Bill was surrounded by violence and crime. According to the PSR:

> At the age of 12, the defendant began running away from home and lived in the streets or with friends. While being in the streets and in and out of custody, the defendant recalls being shot at, seeing people get killed, attempting suicide, and seeing people get hurt.

PSR, ¶ 57. Mr. Bill has attempted to end his own life three times, by hanging, overdose, and Russian roulette. *Id.* at ¶ 63.

Mylin Bill is now 22 years old and comes before this Court facing a mandatory minimum sentence of 10 years – nearly half as long as he has been alive to date.

**Factors that Warrant a Downward Variance Below the Advisory Guideline Range**

The PSR identifies a number of factors suggesting that a downward variance from Mylin Bill's advisory Guideline range may be warranted.

He was abused by his father verbally and emotionally.

He was neglected.

He began experiencing mental health problems at the age of 12.

He has experienced trauma such as being shot at, and seeing people get killed and hurt.

He has attempted suicide three times.

He has an extensive history of self-medicating with substance abuse.

PSR, ¶ 94.

When this Court considers the statutory purposes of a sentence as stated by § 3553(a) – retribution, deterrence, protection of the public, and rehabilitation – it is clear that Mr. Bill's advisory Guideline sentencing range of 153 to 161 months is greater than necessary to achieve these goals. When contemplating a just sentence, a court is to consider "the nature and

3

circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). In the present case, these two considerations are inextricably linked. Mr. Bill's long struggles with trauma and addiction led him into a world of drugs and violence. As his problems with mental health and substance abuse worsened, his judgment became more impaired.

Mr. Bill has come to the realization that he is an addict and wishes to participate in the Bureau of Prisons' residential drug abuse program (RDAP) while serving his sentence, and then continue with substance abuse treatment upon his release.

**Conclusion**

For all of the above reasons, Mr. Bill respectfully requests that this Court vary downward from the applicable advisory Guideline range and sentence him to the mandatory term of 120 months imprisonment, to be followed by a period of supervised release on conditions deemed appropriate by the Court.

I hereby certify that I caused
a copy of the foregoing to be                     Respectfully submitted,
served on the office of the United States
Attorney, on April 2, 2024.

_/s/ Eric Hannum_                                  _/s/ Eric Hannum_
Counsel for Defendant                              D. Eric Hannum
                                                   1025½ Lomas Blvd. NW
                                                   Albuquerque, NM 87102
                                                   (505) 842-6171